IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-38-FL
NO. 7:10-CV-144-FL

| | |
|---|---|
| CHARLES ENNETT BEALON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-31) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-29). Petitioner has not filed a response and the time for doing so has expired. Accordingly, the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-31) be GRANTED and that Petitioner's Motion to Vacate (DE-29) be DENIED.

## I. Background

Petitioner was charged in an one count indictment with possession with intent to distribute more than five grams of cocaine base ("crack") on April 10, 2008 (DE-4). On June 3, 2008, Petitioner pleaded guilty to the charge contained in the indictment (DE-12). His guilty plea was

1

approved by this Court following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure (DE-12).

Petitioner was sentenced on September 15, 2008 to, *inter alia*, a 288-month term of imprisonment (DE-18). A notice of appeal was filed by Petitioner on September 16, 2008 (DE-15). In his appeal, Petitioner contended that his sentence was unreasonable. On July 21, 2009 the Fourth Circuit affirmed Petitioner's sentence. United States v. Bealon, 2009 WL 2171241 (4th Cir. 2009). In doing so, the Fourth Circuit stated:

> In formulating the sentence, the district court specifically addressed several of the § 3553(a) factors and found the guidelines sentence insufficient to adequately address them. The district court then methodically reviewed the guidelines ranges for various offense levels, first for Bealon's calculated offense level of thirty-one, then for an offense level of thirty-two, and finally for an offense level of thirty-three. The court noted that the lower two levels would not "adequately take into consideration the factors the [c]ourt's required to consider," and would not "adequately reflect the seriousness of [Bealon's] past criminal conduct with the likelihood of recidivism." Finally, the court determined that an offense level of thirty-three, with its corresponding advisory guidelines range of 235 to 293 months' imprisonment, would be sufficient to address the § 3553(a) factors. Accordingly, the district court sentenced Bealon to 288 months' imprisonment.
>
> We find that the district court did not abuse its discretion in sentencing Bealon to 288 months' imprisonment. Rather, it is apparent that the court made the requisite "individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328, 329 (4th Cir.2009) (*quoting* Gall, 128 S.Ct. at 597). Therefore, we affirm the judgment of the district court . . .
> Bealon, 2009 WL 2171241 at * 2.

Finally, Petitioner filed his Motion to Vacate on August 10, 2010 (DE-29).

## II. Legal Standards

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a [claim] . . . " Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A claim may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted)

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a

3

preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (*citing* Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); *see also*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

### III.   Analysis

In his Motion to Vacate Petitioner asserts that: 1) the sentence imposed by this Court was unreasonable; and 2) this "Court relied upon improper argument from counsel for the Government, as well as facts not in evidence" when it sentenced him (DE-29, pg. 5-6). These claims are without merit.

First, as noted above, the Fourth Circuit has already determined that Petitioner's sentence was reasonable. Bealon, 2009 WL 2171241 at * 2. "Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal." United States v. Walker, 299 Fed. Appx. 273, 276 (4th Cir. 2008)(*citing*, United States v. Roane, 378 F.3d 382, 396 n. 7(4th Cir. 2004)). Petitioner does not argue any change in law, and therefore his first argument is meritless.

Conversely, Petitioner did not pursue his second ground on direct appeal. Because Petitioner failed to raise the issue on direct appeal, he has procedurally defaulted. Bousley v. United States, 523 U.S. 614 (1998). *See also* Stone v. Powell, 428 U.S. 465 (1976). Indeed:

> [i]t is well settled non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Constitutional errors that were capable of being

4

raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir.1994). In establishing "prejudice," the petitioner must show the error worked to his "actual and substantial disadvantage," rather than merely created a possibility of prejudice. *See* Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir .1997) (*quoting* Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

In the alternative to establishing "cause" and "prejudice," the petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In such an event, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7, 2007 WL 1555779 (E.D.Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.1976).

Carter v. United States, 2009 WL 2709362, * 3 (N.D.W.Va. August 26, 2009)(internal emphasis omitted).

Petitioner's second claim could have been raised on direct appeal[1], but was not. Nor has Petitioner demonstrated cause, prejudice or his actual innocence. Therefore, this claim is also without merit.

---

1 Ineffective assistance of counsel claims, for example, are generally not cognizable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Neither of Petitioner's claims involve ineffective assistance of counsel, however.

5

## IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-31) be GRANTED and that Petitioner's Motion to Vacate (DE-29) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, December 10, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE