IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-38-FL
NO. 7:10-CV-114-FL

| | | |
|---|---|---|
| CHARLES ENNETT BEALON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner asks this court to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE # 29). The government moved to dismiss (DE # 31). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William Webb entered a memorandum and recommendation ("M&R") (DE # 34), in which he recommends granting the government's motion and denying the § 2255 petition. No objections to the M&R were filed, and the issues raised in these motions are now ripe for adjudication. For the reasons that follow, the court adopts the magistrate judge's recommendation, grants the government's motion to dismiss, and denies the § 2255 petition.

## BACKGROUND

On September 15, 2008, following his plea of guilty to the charge of possession with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), petitioner was sentenced by this court to a term of imprisonment of two-hundred and eighty-eight (288) months. Petitioner timely appealed, arguing that the sentence imposed by the court, following an upward departure due to petitioner's extensive criminal history, was unreasonable. The Fourth

Circuit affirmed, holding that this court did not err in upwardly departing in formulating its sentence. See United States v. Bealon, 338 F. App'x 345 (4th Cir. 2009) (unpublished) (per curiam).

On August 10, 2010, petitioner filed this *pro se* motion to vacate pursuant to § 2255. Petitioner again argues that this court's upward departure in sentencing was unreasonable, and also contends that the court relied upon improper argument from the government at the sentencing hearing. On September 17, 2010, the government moved to dismiss the § 2255 petition. No opposition to the government's motion was filed. On December 10, 2010, the magistrate judge entered his M&R recommending that the court grant the government's motion and deny petitioner's § 2255 motion. Petitioner did not timely file any objection to this recommended disposition.

## DISCUSSION

A.  Analysis

As noted, petitioner's § 2255 motion and the government's motion to dismiss are before the court with benefit of the magistrate judge's thoughtful analysis. The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The magistrate judge adequately addressed each of the arguments raised by petitioner, who did not object to the magistrate judge's recommended disposition. After a careful review, the court finds no clear error in the magistrate judge's decision that petitioner's argument as to the substantive

reasonableness of his sentence is foreclosed by the holding of his direct appeal, and that petitioner's argument that the court relied upon improper argument from the government during sentencing is procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 622 (1998); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). As such, it adopts the findings and recommendations set forth in the M&R in full. For the reasons given by the magistrate judge, the government's motion to dismiss is granted and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

B.    Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 34) as its own. The government's motion to dismiss (DE # 31) is GRANTED and the petition (DE # 29) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 8th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge