IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-38-FL
NO. 7:12-CV-235-FL

| | | |
|---|---|---|
| CHARLES ENNETT BEALON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 37), with supplemental motion (DE 51), seeking relief under pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government filed a motion to dismiss (DE 45), to which petitioner responded. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court dismisses petitioner's motion.

BACKGROUND

Petitioner pleaded guilty to possession with intent to distribute more than five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On September 15, 2008, he was sentenced to a two hundred eighty-eight (288) month term of imprisonment. Petitioner appealed and the conviction was affirmed. On August 10, 2010, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging unreasonable sentence and reliance upon

improper government argument. On April 11, 2011, the court dismissed petitioner's motion.

On August 15, 2012, petitioner filed the instant motion, claiming he was wrongfully sentenced as a career offender in light of Simmons. The government contends that the instant motion is barred as successive and untimely.

## DISCUSSION

A. Successive Petition

The relief that is requested in petitioner's pending motions is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the court must recharacterize it as a § 2255 petition. United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition, and this court is without jurisdiction to consider it in the absence of pre-filing authorization. Petitioner is not required to receive notice of the court's re-characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005). Accordingly, petitioner's motion to vacate will be dismissed as successive.

In addition, the court notes that Miller provides no relief to the procedural barriers for petitioner's claims. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 Simmons motion as untimely). Furthermore, no miscarriage of justice has occurred where petitioner was sentenced within the maximum statutory term of imprisonment applicable at the time of sentencing. See Powell, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

B. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner's post-conviction motion must be dismissed as successive, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the court GRANTS the government's motion to dismiss (DE 45), and DISMISSES petitioner's motion to vacate and supplemental motion (DE 37, 51). A certificate of appealability is DENIED.

SO ORDERED, this 28th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge