IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-38-FL-1
No. 7:16-CV-225-FL

| | | |
|---|---|---|
| CHARLES ENNETT BEALON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 75). The court held this matter in abeyance pending decision in Beckles v. United States, 137 S. Ct. 886 (2017), and then directed supplemental briefing, which has been received. In this posture, the issues raised are ripe for ruling. For the reasons that follow, this court dismisses petitioner's motion.

## BACKGROUND

On June 3, 2008, petitioner pleaded guilty without a plea agreement to possession with the intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On September 15, 2008, the court sentenced petitioner to a total of 288 months imprisonment. Petitioner appealed and the Court of Appeals for the Fourth Circuit affirmed the judgement of the court. U.S. v. Bealon, 338 Fed. Appx. 345 (4th Cir. 2009). On August 10, 2010, petitioner filed a § 2255 motion, alleging unreasonable sentence and court reliance upon improper government argument. On April 11, 2011, the court dismissed petitioner's motion. On August 15, 2012, petitioner filed another § 2255 motion, claiming he was wrongfully sentenced as a career

offender in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On January 28, 2014, the court dismissed petitioner's motion as successive and untimely.

On June 27, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his guideline range was incorrectly calculated because his prior convictions were improperly consolidated and in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner filed a supplemental memorandum in support of his motion to vacate, additionally arguing that petitioner's prior controlled substance convictions are not "controlled substance offenses" for purposes of the sentencing guidelines. (DE 88 at 2-7). The government contends in its response filed in opposition to petitioner's motion to vacate that the instant motion is barred by Beckles and any remaining claims are not cognizable on collateral review. (DE 89).

**COURT'S DISCUSSION**

A.   Successive Petition

The relief that is requested in petitioner's pending motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the motion is correctly characterized as a § 2255 petition. United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a

2

second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motions, it is properly construed as a successive § 2255 petition, and this court is without jurisdiction to consider it in the absence of pre-filing authorization. Petitioner is not required to receive notice of the court's characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir. 2005). Accordingly, petitioner's motion to vacate will be dismissed as successive.

In addition, the court notes that petitioner's arguments fail on the merits. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. See Beckles, 137 S. Ct. at 890 (holding that the "advisory Guidelines are not subject to vagueness challenges under the Due Process clause"). Additionally, petitioner was correctly sentenced as a "career offender" under the Sentencing Guidelines. Petitioner is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1(a). Petitioner maintains, among others, two separate felony convictions not consolidated with each other for felony possession with intent to sell or deliver cocaine. (Presentence Report (DE 14) ¶¶ 25, 26). Each of these convictions are felony controlled substance offenses punishable by more than one year. Therefore, petitioner remains a career offender. See United States v. Mitchell, 679 Fed. Appx. 259 (4th Cir. 2017) (holding North Carolina conviction of felony possession with intent to sell and deliver cocaine to qualify as a predicate under the guidelines); see also Miller v. United States, No.

7:13-CR-75-FL-1, 2017 WL 2788330, at *3 (E.D.N.C. June 27, 2017) (citing United States v. Dozier, 848 F.3d 180, 187 (4th Cir. 2017) (holding North Carolina's "controlled substance offense" to be categorical match to generic "controlled substance offense," as contemplated by the guidelines).

B.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner's post-conviction motion must be dismissed as successive, a certificate of appealability will be denied.

## CONCLUSION

Based on the foregoing, this court DISMISSES petitioner's motion to vacate. (DE 75). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2017.

LOUISE W. FLANAGAN
United States District Judge